UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK HABOWSKI,

        Plaintiff,

                                          Case No. 14-cv-11817
                                          HON. GERSHWIN A. DRAIN

v.

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.

_____/

**<u>OPINION AND ORDER OVERRULING DEFENDANT'S OBJECTIONS [#23],
ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [#22],
GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [#18], DENYING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [#20], AND
REMANDING CASE FOR FURTHER PROCEEDINGS</u>**

## I.  INTRODUCTION

This matter is before the Court on the Parties' Cross-Motions for Summary Judgment as to Plaintiff Mark Habowski's request for judicial review of Defendant Commissioner of Social Security's (the "Commissioner") denial of his application for disability insurance benefits. Plaintiff challenges the decisions of both the Commissioner and the Administrative Law Judge ("ALJ") to deny his claim for disability benefits.

Plaintiff argues that "substantial evidence establishes that Plaintiff is suffering from impairments which render him unable to work or to be employed, and Plaintiff is disabled under the meaning of the Social Security Act." Compl., at 2. Plaintiff likewise contends that "[t]he

findings, actions and decisions of the Commissioner on all levels herein were not based upon substantial evidence[.]" Compl., at 2.

The matter was referred to Magistrate Judge Michael J. Hluchaniuk, who issued a Report and Recommendation on May 20, 2015. In the Report and Recommendation, Magistrate Judge Hluchaniuk recommends that the Court grant Plaintiff's Motion for Summary Judgment, and deny Defendant's Motion for Summary Judgment. Magistrate Judge Hluchaniuk further recommends that the Court reverse the Commissioner's findings, and remand this case for further proceedings.

The Commissioner now challenges the Magistrate Judge's Report and Recommendation, specifying three objections. Plaintiff has filed a Response to the Commissioner's objections. After a review of all the parties' briefs, and taking into consideration the administrative record in its entirety, including the ALJ's findings, the Court accepts and adopts the Magistrate Judge's Report and Recommendation.

## II. FACTUAL BACKGROUND

Plaintiff is a resident of Bay County, Michigan. Plaintiff, formerly employed as a welder, routinely lifted beams weighing upward from 40 to 50 pounds. On August 28, 2008 (the "onset date"), Plaintiff allegedly began to suffer disability from various physical ailments. On July 5, 2011, Plaintiff applied for disability insurance and supplemental security income benefits. The Commissioner initially denied Plaintiff's claims on November 3, 2011.

On October 11, 2012, Administrative Law Judge ("ALJ") Christopher R. Inama conducted a hearing concerning the denial of Plaintiff's claim for disability. On November 16, 2012, the ALJ also denied Plaintiff's disability claim, finding that Plaintiff was not disabled.

For disability claims, "[t]he Social Security Act requires the Secretary to follow a 'five-step sequential process.'" *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2011) (citing *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990)). At Step One of the five-step disability analysis, ALJ Inama found that Plaintiff had not engaged in substantial gainful employment since the August 28, 2008 onset date. At Step Two, the ALJ found that Plaintiff suffered from degenerative disc disease of the cervical spine with ulnar neuropathy;[1] the ALJ also found that Plaintiff's back and shoulder pain, carpal tunnel syndrome, and depression were not severe.

At Step Three of the disability analysis, the ALJ found no evidence that Plaintiff's impairments satisfied one of the listings in the regulations. In particular, the ALJ found that Plaintiff had no symptoms that satisfied the criteria of Listing 1.04—disorders of the back. The ALJ did not consider criteria in Listing 11.04, which addresses the central nervous vascular system.

Additionally, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform light work. However, the ALJ determined that Plaintiff was unable to "frequently climb ramps, stairs, ladders, ropes, and scaffolds, and balance, kneel, stoop, crouch, and crawl[,]" in the performance of such work.[2]

At Step Four, the ALJ found that Plaintiff could not perform his past gainful employment as a welder. In Step Five, the ALJ determined, however, that jobs existed in sufficient numbers

---

[1] "Ulnar neuropathy is a 'complex [set] of symptoms resulting from injury or compression of the ulnar nerve at the elbow, with pain and numbness along the ulnar aspect of the hand and forearm, and weakness in the arm.'" Def.'s Mot. Summ. J., n.2 (quoting *Dep't of Health & Human Servs.*, No. 04-1147V, 2006 WL 2052379, at *4, n.7 (Fed. Cl. July 5, 2006)).

[2] Indeed, in his report, Magistrate Judge Hluchaniuk found the ALJ's lack of consideration for this listing proper as Plaintiff neither mentioned this listing in the administrative proceedings nor did Plaintiff point "to record evidence that would raise a substantial question as to whether he satisfied [the] diagnostic criteria." ECF No. 22, at 20-21.

that Plaintiff could perform, considering his age, education, experience, and RFC. At the time of the ALJ's decision, Plaintiff was 52 years old, held a high school diploma, and, as mentioned above, had been employed as a welder until the onset date of the conditions that support his disability claim. Since the onset date, Plaintiff has worked a part-time job that allegedly allows him to sit or stand at will. Plaintiff asserts that he has not been employed full-time since August 2008, when he was laid off from his job at a factory.

On March 8, 2014, the Appeals Council denied Plaintiff's request for review. Plaintiff has exhausted all administrative remedies, and this Court, therefore, has exclusive jurisdiction for judicial review under 42 U.S.C. §§ 405(g) and 1383(c)(3). Accordingly, Plaintiff proceeded to properly file a complaint in this court.

The parties have filed cross-motions for summary judgment. Magistrate Judge Hluchaniuk submitted a Report and Recommendation (the "report"), recommending that the Court grant Plaintiff's summary judgment motion, and deny the same of the Commissioner. Magistrate Judge Hluchaniuk also recommended reversing the ALJ's findings and remanding the matter for further proceedings. On June 2, 2015, the Commissioner filed three objections to the magistrate judge's report.

### III. STANDARD OF REVIEW

Federal district courts have original jurisdiction to review the Commissioner's final administrative decision under 42 U.S.C. § 405(g). *Hamper v. Comm'r of Soc. Sec.*, 714 F.Supp. 2d 693, 702 (E.D. Mich. 2010). Pursuant to Federal Rule of Civil Procedure 72(b)(3), the Court reviews *de novo* those portions of the Magistrate Judge's Report & Recommendation to which timely and specific objections have been filed. *Lyons v. Comm'r of Soc. Sec.*, F.Supp. 2d 659, 661 (E.D. Mich. 2004).

Judicial review of social security appeals is limited. The court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." *Id.*; 42 U.S.C. § 405(g); *see also Elam ex rel. Golay v. Comm'r of Soc. Sec.,* 348 F.3d 124, 125 (6th Cir. 2003); *Walters v. Comm'r of Soc. Sec.,* 127 F.3d 525, 528 (6th Cir. 1997)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *McLean v. Comm'r of Soc. Sec.*, 360 F.Supp. 2d 864, 868 (E.D. Mich. 2005) (quoting *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Lashley v. Sec'y of Health & Human Servs.,* 708 F.2d 1048, 1053 (6th Cir. 1983)). Furthermore, "[t]his Court may not base its decision on a single piece of evidence and disregard other pertinent evidence when evaluating whether substantial evidence in the record exists." *Id.* (citing *Hephner v. Mathews,* 574 F.2d 359, 362 (6th Cir. 1978)).

"Thus, where the Commissioner's decision is supported by substantial evidence, it must be upheld even if the record might support a contrary conclusion." *Id.* (citing *Smith v. Sec'y of Health & Human Servs.,* 893 F.2d 106, 108 (6th Cir. 1989)). This is so because "the substantial evidence standard 'presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts.'" *Id.* (citing *Mullen v. Bowen,* 800 F.2d 535, 545 (6th Cir. 1986) (en banc) (internal quotes and citations omitted)). For this reason, when making a determination whether substantial evidence supports the ALJ's decision, "we do not try the case *de novo*, resolve conflicts in evidence, or decide questions of credibility." *Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 713 (6th Cir. 2012) (quoting *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007)).

5

## IV.  DISCUSSION

The Commissioner objects to the Magistrate Judge's Report and Recommendation on three grounds.  In the first objection, the Commissioner argues that the ALJ's failure to cite a medical opinion in Step Three of the disability analysis does not require remand for further proceedings.  Second, the Commissioner objects to the magistrate judge's finding that the ALJ's failure to consider Dr. R. Scott Lazzara's evaluation requires remand.  Finally, the Commissioner objects to the magistrate judge's finding that the ALJ should have based Plaintiff's RFC on a medical opinion.  The Court reviews each of the Commissioner's objections in turn.

### A.  **Objection 1: The lack of an opinion on medical equivalence was harmless.**

In his Report and Recommendation, the magistrate judge found that the ALJ's failure to cite a medical opinion, when finding that Plaintiff did not suffer from an impairment listed in the regulations (Step Three of the disability analysis), requires remand for further proceedings.  The Commissioner objects to the finding that such an omission requires remand.

The Commissioner relies on *Heston v. Commissioner of Social Security*, 245 F.3d 528, 535-36 (6th Cir. 2001), for the proposition that the ALJ's failure to cite a medical opinion does not require remand.  The Commissioner contends that *Heston* requires that Plaintiff must first show harm from the ALJ's failure to support its finding with medical opinion before a remand is imposed.

However, this case is easily distinguishable from *Heston*.  In *Heston*, the court found that the ALJ did not commit reversible error when it did not rely on a three-page summary of plaintiff's medical history compiled by one particular medical examiner among many.  *Heston*, 245 F.3d at 535.  In making this determination, the court panel in *Heston* reviewed the credibility

and weight of the medical examiner in question and his medical assessments through "harmless error" analysis. *Id.*

Here, however, the magistrate judge found *no* medical expert opinion evidence at all. The magistrate judge refers to this as a "serious error." ECF No. 22, at n.2. While the Commissioner is correct in that harmless error review applies to credibility determinations, *Ulman v. Commissioner of Social Security*, 693 F.3d 709, 714 (6th Cir. 2012), in the matter at bar, there are no credibility determinations to review because there is no medical opinion evidence. The complete lack of medical opinion evidence problem is a threshold requirement, of which the magistrate judge properly identifies. *See Retka v. Comm'r of Soc. Sec.*, No. 93-40494, 1995 WL 697215, at *2 (6th Cir. Nov. 22, 1995) ("[T]he opinion of a medical expert is required before a determination of medical equivalence is made."); *see also Fensterer v. Comm'r of Soc. Sec.*, No. 12-13166, 2013 WL 4029049, at *12 (E.D. Mich. Aug. 7, 2013) ("The great weight of authority holds that a record lacking any medical advisor opinion on equivalency requires a remand."). For this reason, the Court finds that the case shall be remanded for further proceedings on the issue of medical equivalence in regard to Plaintiff's physical impairments, which should include the ALJ's consideration of medical opinion evidence.

**B. Objection 2: The ALJ's omission of Dr. Lazzara's overhead reaching limitation was harmless, and Objection 3: There was no need for the ALJ to base his RFC on a medical opinion; regardless, the ALJ relied in part on Dr. Lazzara's finding that Plaintiff's overall impairment was only mild."**

In his report, Magistrate Judge Hluchaniuk asserts that the ALJ also failed to take into account medical expert opinion when he made Plaintiff's RFC determination. The Commissioner, however, objects to the magistrate judge's finding that the ALJ's failure to mention Dr. Lazzara's assessment of Plaintiff's physical restrictions—i.e., Plaintiff's ability to reach overhead—requires remand. Additionally, and as a final matter, the Commissioner objects

to the magistrate judge's finding that the ALJ committed error because the ALJ did not base Plaintiff's RFC on a medical opinion. The Commissioner contends that the ALJ was not required to base Plaintiff's RFC on a medical opinion, and thus, no error was sustained.

Magistrate Judge Hluchaniuk, in his Report and Recommendation, stated that

> Here, although the examining physician opined that plaintiff was not capable of any overhead reaching, the ALJ seemingly overlooked that limitation in formulating both the RFC and the hypothetical posted to the [Vocational Expert ("VE")], articulating his belief that there were no medical findings as to residual functional capacity. No treating physician or any other consulting or examining physician offered any other opinions regarding plaintiff's functional limitations.

Upon review of the record, the magistrate judge is correct in his assessment that, "we are left with the circumstances of the ALJ interpreting raw medical data without consideration of an expert medical opinion." ECF No. 22, at 25. It is apparent that the ALJ mistakenly "succumb[ed] to the temptation to play doctor and ma[d]e their own medical findings." *Simpson v. Comm'r of Soc. Sec.*, 355 F. App'x 181, 194 (6th Cir. 2009) (quoting *Rohan v. Chater*, 98 F.3d 966, 970 (7th Cir. 1996)).

The Commissioner again cites *Heston* to suggest that Plaintiff has the burden of showing that he suffered harm from the ALJ's omission to consider Dr. Lazzara's medical opinion. However, harmless error analysis is not triggered by mere error; the purpose of the analysis is to review, in particular, an ALJ's credibility determinations. *Ulman*, 693 F.3d at 714. This analysis neither buttresses nor substitutes the ALJ's required function to make findings based on substantial evidence, 42 U.S.C. § 405(g), and within his or her competence. *See Simpson,* 355 F. App'x at 194 (6th Cir. 2009). Because the ALJ discards the sole medical opinion evidence concerning Plaintiff's RFC, the issue should be remanded for further proceedings.

## V. CONCLUSION

For these reasons, the Commissioner's objections [#23] are **OVERRULED**. The Court **ADOPTS** Magistrate Judge Hluchaniuk's Report and Recommendation [#22].

Accordingly, Plaintiff's Motion for Summary Judgment is **GRANTED**. Defendant's Motion for Summary Judgment is **DENIED**.

The Court **HEREBY REVERSES** the Commissioner's findings, and the case is **REMANDED** for further proceedings.

**SO ORDERED.**

Dated: July 20, 2015         /s/Gershwin A Drain
                             GERSHWIN A. DRAIN
                             US DISTRICT COURT JUDGE